SMITH *vs.* SHAFFER & HAM, for use, etc.

Where an action *ex contractu* was brought in the superior court for one hundred and fifty dollars, and without any plea of set-off, recoupment or payment pending suit, the verdict was for $25.00 "and costs of suit," on motion the court should have taxed costs against the defendant as in a justice court, and ordered the balance of the costs to be retained out of the recovery. The finding of the jury for costs will be construed in such a case to mean legal costs.

Practice in the Superior Court. Costs. Before Judge LESTER. Forsyth Superior Court. February Term, 1880.

Reported in the decision.

H. L. PATTERSON, by A. C. KING, for plaintiff in error.

J. M. TOWERY; MARLER & PERRY, for defendants.

v 65—30

JACKSON, Chief Justice.

The plaintiff in error was sued by the defendants in error for services rendered in performing a surgical operation on the son of the former. The amount for which they sued was one hundred and fifty dollars; their recovery was twenty-five dollars. The suit arose *ex contractu*, and there was no plea of set-off or recoupment or payment pending suit, but the sole issue seems to have been what was the price agreed upon for the service rendered, and on that issue the verdict of the jury was twenty-five dollars and costs of suit. Whereupon the defendant below moved the court to restrict the costs to the amount of costs which would have been incurred in the justice court, and to authorize the retention of the remainder of the costs out of the sum recovered by plaintiffs. The court refused to grant the motion and this is the error assigned.

Section 3678 of the Code is as follows: "When any action *ex contractu* shall be brought to the superior court, and the verdict of the jury, unreduced by matter of set-off or payment pending the action, shall be for a sum under fifty dollars, the defendant shall not be charged with more costs than would have necessarily accrued if such case had been before a justice of the peace; and the remainder of the court charges shall be paid by the plaintiff, and may be retained out of the sum recovered by the plaintiff, and if that is insufficient, judgment shall be entered by the court against such plaintiff for the balance."

The statute seems plain and imperative. The jury found less than fifty dollars. It is true they also added "and costs of suit," but these words mean legal costs. 5 *Ga.*, 452. The case in 19 *Ga.*, 549, was one sounding in damages and full costs were there allowed for that reason, and only for that reason. Besides, that was before the Code operated. The court below therefore erred in denying

the motion of the plaintiff in error, and the judgment is reversed.

The plea that defendant's son was over twenty-one years of age is immaterial to the point here, and besides, if considered by the jury, was found against defendant below.

Judgment reversed.